(22 Misc. Rep. 309.)

### In re McCORMICK et al.

#### (Surrogate's Court, Kings County.   January, 1898.)

TRUST—APPLICATION OF INCOME—DISCRETION OF TRUSTEE.

> Where a fund is bequeathed to trustees to apply the income to the support and education of an infant beneficiary until she is of age, they may exercise reasonable discretion in view of the age and general environment of the infant as to the amount which shall be so expended, and the surplus of such income, if any, is vested in her general guardians for future requirements.

Motion by Laura Brenton McCormick, as a testamentary guardian of Theodora Brenton Eliot McCormick, an infant, under the will of Eliot McCormick, deceased, to compel Edgar W. Abbott and Charles C. Cumings, trustees under the will, to apply the entire income of a trust for the benefit of the ward.   Refused.

Wilder & Anderson, for petitioner.
George G. Dutcher, for respondents.
Edwin Kempton, in pro. per.

ABBOTT, S.   Eliot McCormick died on October 10, 1891, leaving a last will, which was admitted to probate by the surrogate's court of the county of Kings.   The testator left, him surviving, his widow, the petitioner in this proceeding, and a daughter, Theodora, who was of the age of six months at the time of his decease.   By his will he devised to his widow his residence, then in course of construction, upon Dean street, which was of the value of about $16,500.   This property passed to the petitioner subject to a mortgage of $7,000 thereon.   That

mortgage has since been paid off by the petitioner, and a new mortgage obtained to secure the sum of $8,000. These premises are not now occupied by the petitioner, but are rented by her, and yield a net annual rental of about the sum of $1,500. The said will gave and devised the testator's residuary estate to Edgar W. Abbott and Charles C. Cumings, the respondents here, in trust as to one-half thereof to pay the income to his wife for life, with remainder, upon her decease, to his children, and, as to the other one-half, in trust "to divide the same into as many equal shares as I have children surviving me, and to set apart one share for each child, and to apply the net income of each child's share to the support, maintenance, and education of said child until such child arrives at the age of twenty-one years, when the principal of such share shall be paid to such child. Should any child die before attaining that age, the share of such child shall be distributed and conveyed in equal shares to his issue, if any, and, in default of such issue, to my other then surviving children, and to the issue of any deceased child, in equal shares per stirpes, such issue to take the share which such child would take if living." The petitioner and respondents in this proceeding were appointed guardians of testator's children, and the respondents were appointed trustees to carry out the provisions of the will. The net income derived from the trust estate amounts to between $2,500 and $2,800 per year. Since the testator's decease, one-half of this net income has been regularly paid to the petitioner; and such portion of the remaining one-half of said income has been paid to the petitioner for the support, maintenance, and education of the said infant, as the petitioner and respondents have mutually and from time to time agreed upon. No differences of opinion as to the amount necessary to be applied to such purpose seem to have arisen between the petitioner and respondents until the month of February, 1897. Their relations until that time were entirely harmonious, and no differences of opinion existed as to the sufficiency of the amount paid over for the support and maintenance of the infant Theodora. The income of both mother and daughter will be about doubled within a few years from an additional fund of upward of $50,000 which will accrue to the estate of Eliot McCormick. In February, 1897, the petitioner married Mr. Charles H. McDonald, of the city of New York, and immediately thereafter claimed and insisted that it was the duty of the trustees, under the provisions of said last will and testament, to pay to her for the support and maintenance of said infant the entire net income realized from the one-half share of the trust estate invested for the infant's benefit, as well as all accumulations of income then in the hands of the trustees. The matters which was really material to this application contained in the moving and answering papers submitted to me are very brief. The voluminous petitions and affidavits presented are made up, to a large degree, of utterly and entirely irrelevant and immaterial matter, which has no bearing whatever upon the true issue presented for my determination.

It is but fair to the trustees appointed under the said last will and testament, in view of the numerous suggestions and intimations contained in the moving papers of the petitioner, reflecting upon the per-

formance of their trust duties by the respondents, that I should here state that the conduct and management of the said trust estate by the respondents has been peculiarly able, careful, wise, and judicious; and, so far from being subject to any adverse criticism by reason of such management, they are entitled to the thanks of both the petitioner and the infant for their wise and careful administration of this trust. The income of Mr. McDonald at the time of his marriage to the petitioner was about the sum of $3,600 per year.   The income of the petitioner derived from the estate of Eliot McCormick amounts to about the sum of $1,500 per year.   At the time of petitioner's marriage to Mr. McDonald, he was occupying a small apartment in the city of New York, for which he paid an annual rental of $800.   After his marriage, the apartment proved insufficient for the adequate accommodation of his larger family, consisting of himself, his wife, his own son, by a former marriage, of the age of 11 years, and the infant Theodora McCormick, who is now of the age of 7 years, and he rented a three-story house in the upper part of New York, on St. Nicholas avenue, at an annual rental of $1,200, for the better accommodation of his family.

The sole question to be determined by me in this proceeding is whether the direction contained in the will of Eliot McCormick, "to apply the net income of each child's share to the support, maintenance, and education of said child, until such child arrives at the age of twenty-one years," renders it necessary for the trustees to apply all of such net income every year to such support, maintenance, and education, without reference to the wants and reasonable requirements of the infant, or whether such trustees are vested with a reasonable discretion in respect of the amount of such net income which shall be so applied in view of the age, surroundings, and general environment of the infant.   It is strenuously contended in behalf of the petitioner that the trustees are empowered to exercise no discretion whatsoever in this regard, but must apply each and every year the total amount of the net income derived from the trust estate to the support, maintenance, and education of the infant; while, on the other hand, it is contended with equal force that the duty is cast upon the trustees to exercise a reasonable discretion and judgment in the disbursement of such net income.   A few of the principles discussed in briefs of both counsel are well settled, and may be eliminated from this discussion, and without the necessity of citation of authorities:   (1) Whenever a parent, whether father or mother, is possessed of an ample income, and is able to support, maintain, and educate his minor child, the duty is cast upon him by law so to do, without calling upon such infant for any contribution thereto.   (2) If, however, the parent has a limited income, while the infant is possessed of a large property and income, the parent is entitled to a contribution out of the infant's income, not only on account of the support, maintenance, and education of the infant, but in many cases, if the amount of the income be large, the parent is entitled to maintain an establishment out of the income of the infant which shall be in keeping therewith, and with the station in life which the infant will be called upon to occupy, even though incidentally the parent shall derive considerable personal ad-

49 N.Y.S.—71

vantage and benefits from the maintenance of such an establishment.

We now come to the proposition: Must trustees, when directed to apply the income of a trust fund to the support, maintenance, and education of an infant, so apply the whole of such net income, without reference to its amount, the circumstances under which the infant is being supported and maintained, or the requirements of the infant under such circumstances? I am of the opinion that the trustees are not called upon so to expend the entire net income. The general principle here involved was very fully and ably discussed by Mr. Surrogate Jenks in Gladding v. Follett, 2 Dem. 58, which was affirmed at the general term (30 Hun, 219), and by the court of appeals (95 N. Y. 652). Surrogate Jenks reviews the earlier authorities, and lays down the rule that, where a trust is created to collect income and use the same for the education and support of a beneficiary until she becomes of age, the duty to apply the income arising from the fund is imperative, notwithstanding a direction by the testator that the income of the fund should be used for the education and support of the beneficiary in the discretion of the trustees. This authority in no respect militates against the conclusion which I have reached. The effect of the decision in the Gladding Case is that the duty is imperative upon the trustees to apply to the support, maintenance, and education of the beneficiary so much of the net income derived from the trust fund as may be necessary for his support and maintenance. There is nothing contained in the reasoning in this case from which the inference can be drawn that the duty is imperative upon the trustees to apply all of the income derived from the trust fund to the support and maintenance of the beneficiaries, for whose benefit the trust fund is created, without reference to the magnitude of the fund, or the amount of the income derived therefrom, or the conditions and circumstances surrounding the beneficiary. · It would be utterly absurd, for instance, to hold that an annual income of $50,000 or $100,000 must all and of necessity be used up in the support and maintenance of a mere infant. Upon the construction contended for by counsel for the petitioner, this would be absolutely necessary in all cases. The fair inference to be drawn from all the cases cited by counsel in their respective briefs is that when a fund is bequeathed to trustees to collect the income, and apply the same to the support, maintenance, and education of a beneficiary, if the beneficiary be an adult, he may insist upon the payment to him of the entire net income derived from the trust fund; but if, on the other hand, such beneficiary be an infant, the trustee who is directed to make application of the income to the support and maintenance may exercise a reasonable and proper discretion under all the circumstances of the case as to the amount which shall be so expended and applied, and the surplus of such income, if any, becomes the property of the infant, and is vested in his general guardians, and is applicable to his future requirements.

What then, under all the circumstances, as they appear before me upon this application, is a proper sum to be applied to the support, maintenance, and education of the infant Theodora? It is desirable that she shall enjoy all the advantages and luxuries of a refined and comfortable home; that she shall have a thorough education; and

that her home surroundings shall be comfortable and elegant in so far as her ability to contribute to the same exists. By reason of Mr. McDonald's change of residence from his apartment to the St. Nicholas Avenue House, his increase in rental amounts to $400 per year. Undoubtedly, there was rendered necessary also an increased expenditure in the ordinary cost of living. On account of this increase in the expenses, Mrs. McDonald is able out of her private income to contribute the sum of $1,500 per year, making a total income derivable from Mr. McDonald and Mrs. McDonald, of $5,100 per year. It is proper that the infant Theodora also should make some contribution to the increased expense of Mr. McDonald, due to her residence with him as a member of his family; and I am of the opinion that this contribution should not be limited to the absolute cost of her maintenance as a member of the family, but should include a liberal amount to be expended in her behalf by her mother for the many luxuries of life to which she is now and will hereafter in greater degree become entitled in view of her separate and independent individual income. I am of the opinion that the sum of $900 per year is not too great an amount to be applied annually for the support, maintenance, and education of this infant. Of this amount, I think, $300 per year should be paid to Mr. McDonald for board. With reference to the income already accumulated in the hands of the trustees, I am of the opinion that no part thereof should be applied to the reimbursement of the petitioner for the amount claimed to have been expended by her for the benefit of the infant. Ordered accordingly.